UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONY HUDSON, an individual and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LIBRE TECHNOLOGY INC., doing business as Student Loan Service, Docupop, and Student Loan Service, US; ANTONY MURIGU; JASON BLACKBURN; and BRIAN BLACKBURN,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:18-cv-1371-GPC-KSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

　　Before the Court is Plaintiff Ebony Hudson's unopposed motion for preliminary approval of class and collective action settlement in a wage and hour dispute. (ECF No. 40.) Plaintiff had previously filed a motion for preliminary approval of class action settlement which this Court granted in part and denied in part on November 13, 2019. (ECF No. 37.) In that order, the Court preliminarily granted Plaintiff's request to (1) preliminarily certify the Rule 23 class, (2) be named Class Representative, (3) and appoint Trenton R. Kashima and Kevin J. Stroops as class counsel. (*Id.*) The Court also sua sponte conditionally certified the FLSA collective. (*Id.*) However, the Court denied

preliminary approval of the settlement due to Plaintiff's failure to include a Fair Labor Standards Act ("FLSA") opt-in procedure as well as including provisions in the Class Notice concerning an opt-in procedure for the FLSA collective action settlement. (*Id.*) In response, Plaintiff has refiled the instant unopposed motion for preliminary approval of class action settlement and collective action settlement. Based on the Court's prior order, the Settlement Agreement and Class Notice were amended to specify a separate FLSA Sub-Class, as previously conditionally certified by the Court.

After a review of the briefs, supporting documentation and the applicable law, the Court notes the following deficiencies and inconsistencies in the motion preliminary approval of class/collective action settlement.

1) The Class Notice haphazardly corrects the deficiencies noted by the Court by attempting to differentiate procedures between Rule 23 class and FLSA opt-in class. However, the Class Notice fails to sufficiently explain the hybrid nature of the action. *See Pierce v. Rosetta Stone, Ltd.*, No. C 11-01283 SBA, 2013 WL 1878918, at *3 (N.D. Cal. May 3, 2013). In fact, the first mention about the FLSA Settlement procedure is abruptly raised without explanation on the third page of the Class Notice. (Dkt. No. 40-2 at 4[1].) The Class Notice must be revised to provide a better explanation of the hybrid nature of the action and the FLSA opt-in procedure.

2) It is not clear whether notice to the LWDA was provided as indicated by Paragraph 7 of the proposed order on preliminary approval. Class Plaintiff must provide a declaration stating when notice was provided to the LWDA.

3) The Administrator fee differs amongst the documents in support of the motion. First, the Class Notice, (Dkt. No. 40-2, Ex. A at 4), and the Settlement Agreement, (Dkt. No. 40-4, Kashima Decl., Ex. 1, Sett. Ag. ¶ 59(d)), provide for $30k in Administrator fees while the Motion, (Dkt. No. 40-1 at 9) and Kashima

---

[1] Page numbers are based on the CM/ECF pagination.

Declaration, (Dkt, No. 40-4, Kashima Decl. ¶ 13) provide for $7,000 in Administrator fees.  Class Plaintiff must explain with documentary support her request for Administrator fees.

4) The Net Settlement Amount also differs in the documents in support of the motion. The Motion, (Dkt. No. 40-1 at 9-10), and Kashima Declaration (Dkt. No. 40-4, Kashima Decl. ¶ 14) lists the Net Settlement Amount as $253,562.20 (inclusive of FLSA settlement amount) and $240,562.50 (without FLSA settlement amount) while the Class Notice states the Net Settlement Amount is $225,250, (Dkt. No. 40-2, Ex. A, Class Notice at 4).  Class plaintiff must provide a supplemental declaration to support the correct Net Settlement Amount.

5) The Settlement Agreement provides that any unclaimed funds will be distributed to the "California Unclaimed Wages Fund and held by the State until claimed by the class member." (Dkt. No. 40-4, Sett. Ag. ¶ 52.)  However, it appears that the California Department of Industrial Relations ("DIR") will no longer accept funds associated with "workers who were not located by the litigants themselves or a third party administrator" as of October 15, 2018.  *See* Cal. Dep't of Indus. Rels., Unpaid Wage Fund FAQs (2018), https://www.dir.ca.gov/dlse/Unpaid-Wage-Fund-FAQs.pdf.  Instead, such unclaimed funds are to be submitted to the Unclaimed Property Fund administered by the California State Controller.  *See Richardson v. Interstate Hotels & Resorts, Inc.*, No. C-16-06772-WHA, 2019 WL 803746, at *2 (N.D. Cal. Feb. 21, 2019).  Class Plaintiff shall make the appropriate changes to the Settlement Agreement regarding the unclaimed settlement funds.

6) Finally, prior to filing supplemental documents to correct the deficiencies noted in this Court, the Court directs Class Counsel to carefully and thoroughly review all documents and any proposed order submitted to the Court for error.  For example, paragraph 9(c) of the proposed preliminary approval order states, "The Class Notice will inform Class Members that unless they file a request to be excluded from the Settlement within 45 days after the mailing of the Class Notice: they will

become Settlement Class Members; they will receive Individual Settlement Payments under the Agreement; **they will be bound by the release of Settlement Class Members' Released Claims; and if they cash their Individual Settlement Payment check, they will thereby opt into the FLSA Settlement Collective and release the FLSA claims**." This FLSA procedure was rejected in the Court's prior order denying preliminary approval, yet the language still appears in the proposed preliminary approval order submitted with the Court in support of the instant motion.

Class Plaintiff is directed to provide supplemental documentary support to correct the noted deficiencies and inconsistencies and any other deficiencies and/or inconsistencies she herself finds on or before **May 1, 2020**. The hearing set on April 24, 2020 shall be **vacated.**

IT IS SO ORDERED.

Dated:  April 21, 2020

Hon. Gonzalo P. Curiel
United States District Judge